COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

JOSEPH JACKSON, JR., § 

§ No. 08-09-00276-CR

Appellant, §

§ Appeal from the

v. §

§ 143rd District Court

THE STATE OF TEXAS, §

§ of Reeves County, Texas

Appellee. §

§ (TC# 02-01-06599-CRR)

§

## MEMORANDUM OPINION

After pleading guilty to possession, with intent to deliver, cocaine in an amount of 200 grams or more but less than 400 grams, the trial court deferred a finding of guilt, placed Appellant, Joseph Jackson, Jr., on ten years' deferred adjudication, and assessed a fine of $3,500. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(e) (Vernon 2010). Subsequently, the State moved to proceed to adjudication, alleging Appellant violated certain conditions of his supervision. Appellant pled not true to the State's allegations; however, after a hearing on the matter, the trial court found those allegations true, revoked Appellant's deferred adjudication, adjudicated him guilty of the original offense, and sentenced him to eleven years' imprisonment. Appellant then filed a notice of appeal.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds for reversal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d

553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief, which he has done.

We have carefully reviewed the record and the briefs, and agree with counsel that the appeal is wholly frivolous and without merit. Appellate review of an order revoking deferred adjudication is limited to simply whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence standard, that Appellant violated a term or condition of his deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Here, the State alleged that Appellant violated his supervision by failing to report to his supervision officer and to pay his court costs, fine, restitution, and monthly supervision fees. And the evidence presented at the adjudication hearing was sufficient to support the trial court's finding that Appellant violated those conditions of supervision based on the testimonies of Appellant and his supervision officer. Only one sufficient ground was necessary to support the trial court's revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Further, the punishment assessed was within the range prescribed by law. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(e); TEX. PENAL CODE ANN. § 12.32 (Vernon 2003). Thus, we find nothing in the record that might arguably support the appeal.

Nevertheless, Appellant contends that his original plea of guilty was involuntary and complains of counsel's effectiveness in advising and representing him, and failing to present certain objections at his original plea hearing. However, with certain exceptions not applicable here, appellate review following a trial court's decision to revoke probation is limited to the proceedings

that occurred at the revocation hearing.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *Rickels*, 202 S.W.3d at 763.  Therefore, we cannot consider Appellant's claims as they relate to the original plea hearing.

Appellant also contends that counsel was ineffective at his revocation hearing by failing to object when the language, "with intent to deliver," was not included in the original judgment deferring adjudication but was included in the judgment adjudicating guilt.  However, any errors in the original judgment should have been pursued on direct appeal following the trial court's deferring of the adjudication of guilt.  *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding that any complaints concerning the original plea of guilty must be raised in an appeal from the order deferring the adjudication of guilt and cannot be raised in a later appeal from the judgment adjudicating guilt and imposing a sentence).  Appellant cannot now collaterally attack the order deferring the adjudication of his guilt.  *Nix*, 65 S.W.3d at 667; *Daniels v. State*, Nos. 11-08-00007-CR, 11-08-00008-CR, 2008 WL 4260830, at *1 (Tex. App. – Eastland Sept. 18, 2008, no pet.) (mem. op., not designated for publication).

Having carefully reviewed the record, we find the appeal frivolous.  Accordingly, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

---

[1]  The two exceptions are the habeas-corpus exception and the void-judgment exception.  *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).  No writ of habeas corpus was filed in this case, and therefore, that exception does not apply.  For the void-judgment exception to apply, the charging instrument must fail to satisfy the constitutional requisites of a charging instrument, the trial court must lack subject-matter jurisdiction over the offense charged, there must be no evidence to support the conviction, or the defendant must have been forced to face the proceedings without appointed counsel.  *Id*. at 668.  But none of the issues raised by Appellant concerning his original plea invoke those exceptions.

(Do Not Publish)